# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| NADIA HENRY | : CIVIL ACTION |
|---|---|
| v. | : NO. 18-4945 |
| RADIUS GLOBAL SOLUTIONS, LLC, *et al.* | : |

## MEMORANDUM

**KEARNEY, J.**  **January 18, 2019**

Federal law requires a debt collector provide adequate notice of a debtor's rights to dispute a debt in an effective manner from the perspective of the least sophisticated debtor. The Fair Debt Collection Practices Act defines the minimum level of disclosure in the notice. Our Court of Appeals interprets federal law as requiring the debtor's dispute to be in writing. As our colleagues Judges Brody and Beetlestone just reviewed, we today address a challenge to a similar notice which notifies the debtor of her right to dispute but does not tell her the debt collector will respond only if her dispute is in writing. Consistent with Judges Brody and Beetlestone, we analyzed the varied interpretations of federal law and find a debtor states a claim when the debt collector's notice tells the least sophisticated debtor she may dispute the claim but does not tell her the debt collector will not act unless the dispute is in writing. We also find this federal law is not unconstitutionally vague because of differing interpretations by district judges. Congress has set the standard and our Court of Appeals has clarified the need for disputes in writing. We deny the debt collector's motion to dismiss in the accompanying Order.

I. **Allegations.**[1]

Nadia Henry challenges the clarity of language in a debt collection letter Northland Group (now known as Radius Global Solutions, LLC) sent to her attempting to collect a $160.25 debt allegedly owed to TD Bank, N.A. She claims Radius ambiguously described how she could dispute this debt under Sections 1692g and 1692e of the Fair Debt Collection Practices Act:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.[2]

Radius' first sentence describes the necessity of notifying it of a dispute but does not describe how. The second and third sentences describe Radius' obligations if she sends it a written dispute. But what happens if she orally disputes? Does the debt collector need to do anything?

Ms. Henry alleges Radius sent a similar initial notice letter to a class of persons residing in Pennsylvania.[3] Ms. Henry individually and on behalf of the alleged class now sues Radius under Sections 1692g and 1692e alleging (1) Radius violates Section 1692g by failing to adequately inform her she must dispute the debt "in writing" and (2) Radius's initial notice letter is false, deceptive, or misleading in violation of Section 1692e. Radius moves to dismiss Ms. Henry's complaint arguing Ms. Henry fails to state a claim. Radius alternatively asks we grant it summary judgment finding Section 1692g void as unconstitutionally vague.

II. **Analysis.**

To state a claim under the Act, Ms. Henry must allege "(1) she is a consumer, (2) [Radius] is a debt collector, (3) [Radius]'s challenged practice involves an attempt to collect a 'debt' as the

2

Act defines it, and (4) [Radius] has violated a provision of the FDCPA in attempting to collect the debt."[4] The parties only dispute whether Radius violated a provision of the Act.

### A.     Ms. Henry states a claim under Section 1692g of the Act.

Ms. Henry argues Radius violates Section 1692g of the Act because the validation notice in the November 16, 2017 letter "leav[es] out the requirement that a consumer must dispute in writing."[5] Ms. Henry further argues the use of the word "if" in the letter falsely implies a debtor could dispute the debt either orally or in writing.[6] Radius argues it effectively conveyed Ms. Henry's rights under Section 1692g, the notice tracks the statutory language, and our Court of Appeals does not require a debt collector to include the "in writing" requirement to comply with Section 1692g. We agree with Ms. Henry.

Under Section 1692g(a), a debt collection letter to a debtor must include, either in its initial communication or within five days of the initial communication:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector **in writing** within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's **written** request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.[7]

Under Section 1692g(b), "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed. . . the debt

3

collector shall cease collection of the debt[.]"[8] Congress triggers the debt collector's obligations after the debtor **writes** to the debt collector.

Congress included the "validation notice" provisions—Sections 1692g(a)(3)-(a)(5)—to "guarantee that consumers would receive adequate notice of their rights under the law."[9] Our Court of Appeals explained "in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor."[10] "[T]he notice must not be overshadowed or contradicted by accompanying messages from the debt collector."[11] A notice letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."[12]

Under Section 1692g, we must interpret the validation notice from the perspective of the "least sophisticated debtor."[13] "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."[14] This standard is lower than the reasonable debtor standard.[15] "This standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'"[16] "The debtor is still held to a quotient of reasonableness, a basic level of understanding, and a willingness to read with care, and the debt collector accordingly cannot be held liable for bizarre or idiosyncratic interpretations."[17]

Ms. Henry argues Radius violates Section 1692g because its initial communication failed to notify Ms. Henry she must dispute the debt in writing. Ms. Henry also argues the word "if" in the Sections 1692g(a)(4) and (a)(5) notices falsely implies she could effectively dispute the debt orally. Radius argues (1) our Court of Appeals does not require a debt collector to notify a debtor

4

she must dispute a debt in writing and (2) the word "if" in the validation notice would not confuse the least sophisticated debtor as to whether she could dispute the debt orally.

### i. Our Court of Appeals held to effectively dispute a debt under Section 1692g, the debtor must do so in writing.

Our Court of Appeals determined to effectively dispute a debt under Section 1692g, a debtor must do so in writing.[18] The plaintiff in *Graziano* argued the debt collector violated Section 1692g.[19] In the validation notice, the debt collector wrote "unless [the plaintiff] disputed the debt **in writing** within thirty days, the debt would be assumed valid."[20] The plaintiff argued the debt collector violated Section 1692g(a)(3) because he included the words "in writing" in the notice despite those words not appearing in (a)(3).

Our Court of Appeals held Section 1692g(a)(3), "like subsections (a)(4) and (a)(5), contemplates that any dispute, to be effective, must be in writing."[21] Under Section 1692g(b), if the debtor disputes the debt in writing, the debt collector must "cease collection of the debt."[22] The court explained if Section 1692g(a)(3) did not require a written dispute, a debt collector would be confused how to proceed. For example, if the debtor orally disputed the debt, the debt collector could not assume the debt's validity but could continue collection efforts.[23] Such a contradictory result led the court to conclude a debtor, to effectively dispute a debt under Section 1692g, must do so in writing.[24] Thus, the court affirmed the district court's finding the debt collector did not violate Section 1692g(a)(3) by including the words "in writing."[25]

The court in *Graziano* did not hold, as Ms. Henry suggests, to comply with Section 1692g(a)(3) a debt collector must include the words "in writing." The court simply held a ***debtor*** must dispute the debt in writing under Section 1692g(a)(3).[26]

Radius argues our Court of Appeals held a validation notice like the one in our case did not violate Section 1692g. In *Wilson v. Quadramed Corp.*, our Court of Appeals held two separate

5

paragraphs before the validation notice did not "overshadow" or "contradict" the validation notice.[27] The validation notice contained almost identical language to the one here:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.[28]

While our Court of Appeals found this language did not violate Section 1692g, the plaintiff did not argue, and the court did not address, what Ms. Henry argues here: the validation notice *itself* violates Section 1692g because it does not adequately inform her a dispute must be in writing to be effective. Our Court of Appeals has not dealt with this question but several district courts in our circuit have – with differing results but the more recent and persuasive reasoning is consistent with today's Order.

### ii. District courts in our circuit differ as to what is required in the validation notice to inform a debtor it must dispute a debt in writing under Section 1692g.

Both parties cite district court cases from our circuit. Radius cites *Velez v. Continental Service Group, Inc.*, to support its argument it need not include an "in writing" requirement to satisfy Section 1692g(a)(3). In *Velez*, the plaintiff alleged the debt collector violated Section 1692g because it failed to notify the plaintiff any dispute of her debt must be in writing.[29] The validation notice was nearly identical to the language here:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.[30]

6

The plaintiff argued our Court of Appeals required a debt collector to notify a debtor any dispute of the debt must be in writing. Thus, because the letter's validation notice did not inform the plaintiff she must dispute the debt in writing, the plaintiff argued the defendant violated Section 1692g. The plaintiff relied on our Court of Appeals' holding in *Graziano* a dispute under Section 1692g(a)(3), "to be effective, must be in writing."[31] Judge Conaboy in the Middle District of Pennsylvania explained *Graziano* stood for the proposition a debt collector does not violate Section 1692g(a)(3) by including an "in writing" requirement.[32] The court further explained our Court of Appeals did not hold a debt collector must include an "in writing" requirement to satisfy Section 1692g(a)(3). The court also explained our Court of Appeals in *Wilson* upheld a validation notice identical to the one at issue.[33] The court dismissed the plaintiff's complaint finding the validation notice complied with Section 1692g.[34]

Radius also relies on Judge Wolfson's decision in *Rodriguez v. Northland Group, LLC*.[35] In *Rodriguez*, the debt collector sent the plaintiff a notice letter with a validation notice almost identical to the notice we review today:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgment or verification. If you request of this office in writing with 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.[36]

The plaintiff alleged the debt collector violated Section 1692g by "failing to clearly and effectively convey to Plaintiff that any disputes must be in writing, instead implying that such disputes may be made verbally."[37] The plaintiff argued "*if*" in the second sentence of the validation notice

7

implied a debtor can dispute a debt orally despite our Court of Appeals holding oral disputes ineffective.[38]

Judge Wolfson held the debt collector did not violate Section 1692g. Judge Wolfson found when reading the letter in full—considering not only the (a)(3) notice, but the (a)(4) and (a)(5) notices—the least sophisticated debtor, reading the first two sentences of the validation notice together, would understand the "second sentence refers to the first; that is, read together, unless the debtor disputes the debt **in writing**, the debt would be presumed valid."[39] Judge Wolfson explained the debt collector did not affirmatively state in the letter a debtor may "verbally" dispute a debt; the only method for dispute expressly stated is "in writing."[40] She also found the debt collector's validation notice closely tracked the statutory language.[41]

In *Cadillo v. Stoneleigh Recovery Associates, LLC*, Judge Wigenton in the District of New Jersey (colleague of Judge Wolfson) reached the opposite conclusion.[42] Like *Rodriguez*, the validation notice is nearly identical to the one sent to Ms. Henry:

> Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the creditor.[43]

The plaintiff argued the debt collector violated Section 1692g by failing to "properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing."[44] Judge Wigenton agreed with the plaintiff. She explained the word "if" in the (a)(4) and (a)(5) notices "could arguably confuse the least sophisticated consumer as to whether a written response was required."[45] Judge Wigenton denied the debt collector's motion to dismiss finding the plaintiff stated a claim under Section 1692g.[46]

8

Our colleague Judge Beetlestone also recently denied a motion to dismiss in which the debt collector argued its validation notice satisfied Section 1692g.[47] In *Guzman*, the plaintiff alleged the debt collector violated Section 1692g because the validation notice failed to adequately inform him of his rights.[48] The debt collector included the validation notice on the reverse side of the letter:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.[49]

The debt collector also wrote "[i]f you are not able to pay the balance, or if you have questions, please call us at 800-684-1856."[50] The debt collector argued the validation notice satisfied Section 1692(a)(3) because the notice mirrored the statutory language.[51] Judge Beetlestone explained our Court of Appeals in *Graziano* and *Wilson* dealt with Section 1692g(a)(3) in the context of considering whether other language in the initial notice letter "overshadowed" or "contradicted" the validation notice.[52] She found our Court of Appeals has not decided the sole question of whether the content of the validation notice alone satisfies Section 1692g.[53]

She found because the (a)(4) and (a)(5) notices use "in writing" while the (a)(3) notice does not, the least sophisticated debtor could reasonably interpret the (a)(3) notice "to mean that disputes under the first sentence need not be in writing."[54] Since our Court of Appeals requires a dispute in writing to be effective, an (a)(3) notice lacking the "in writing" requirement "can be reasonably read to have two or more different meanings, one of which is inaccurate."[55] Judge Beetlestone also explained courts of appeals disagree whether Section 1692g(a)(3) requires a debtor to dispute a debt in writing.[56] Because federal appeals courts differ on how to read Section

9

1692g(a)(3), a debtor would similarly be confused whether a notice lacking the "in writing" requirement can be read in different ways.[57]

In *Poplin v. Chase Receivables, Inc.*, Judge Arleo in the District of New Jersey, like Judges Beetlestone and Wigenton, explained "a written disclosure that fails to convey the requirement that a consumer must dispute a debt in writing falls afoul of the FDCPA's requirements."[58] The validation notice tracked the statutory language:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification[.][59]

The plaintiff argued the use of "*if*" in the validation notice would confuse the least sophisticated debtor "regarding the effectiveness of orally disputing the debt."[60] Judge Arleo agreed with the plaintiff and found the "unless" in the first sentence combined with the "if" in the second sentence, "the least sophisticated consumer could believe that either a written or oral response is sufficient to dispute the debt."[61] Judge Arleo also explained although the debt collector relied on the language in the statute when drafting the validation notice, "merely tracking the statutory language is insufficient to effectively convey the debtor's rights."[62]

Earlier this month, our colleague Judge Brody granted summary judgment to the plaintiff debtor under Section 1692g, finding although the (a)(3) notice tracked the statutory language, it failed to "expressly require that a debtor's dispute be in writing."[63] Considering the (a)(3) and (a)(4) notices, Judge Brody found the language could confuse the debtor as to whether the debtor could dispute the debt orally.[64] She explained the least sophisticated debtor could reasonably believe after reading the (a)(3) and (a)(4) notices "s/he could orally dispute the debt, but that **'if'** s/he wanted the office to obtain verification of the debt or obtain a copy of a judgment and provide

10

the name and address of the original creditor, **then** s/he would have to put the request in writing."[65]

Judge Brody offered guidance to debt collectors drafting an (a)(3) notice for a debtor in our circuit:

> In the future, a debt collector could easily clarify the writing requirement in its validation notice with the addition of the following two words in the first sentence of the notice: Unless you notify this office ***in writing*** within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.[66]

Judge Brody cautioned the debt collector such a notice could run afoul of the law in another circuit where the court of appeals has held a debtor can dispute a debt orally or in writing.[67]

Upon considering this guidance, Ms. Henry states a claim under Section 1692g of the Act. Under the well-established law in our circuit, to be effective under Section 1692g(a)(3), a dispute of a debt must be in writing.[68] Radius's validation notice fails to inform the reader of this requirement. We acknowledge Radius tracks the statute in its (a)(3) notice but merely tracking the statutory language is insufficient to comply with Section 1692g—the validation notice "must also be conveyed effectively to the debtor."[69] In the second sentence containing the (a)(4) notice, Radius informed Ms. Henry what information she can obtain "if" she disputes the debt in writing: "**If** you notify this office **in writing** within 30 days after receiving this notice **that you dispute the validity of this debt**, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."[70] The "least sophisticated debtor" could reasonably interpret this language to mean she can effectively dispute the debt orally, despite our Court of Appeals in *Graziano* foreclosing this option. Radius argues the use of "if" implies a condition rather than an option. While this may be true, we cannot rule out the possibility the "least sophisticated debtor" might interpret "if" to imply two options—she can dispute the debt either orally or in writing. A validation notice violates the Act when the "least

11

sophisticated debtor" could read the notice "to have two or more different meanings, one of which is inaccurate."[71]

We acknowledge our recently deceased Judge Conaboy upheld a nearly identical validation notice in *Velez*. But Judge Conaboy addressed a more limited argument than Ms. Henry's argument. The plaintiff in *Velez*, relying on *Graziano*, argued the debt collector must include an "in writing" requirement in the (a)(3) notice to comply with Section 1692g. Judge Conaboy found, and we explained above, *Graziano* does not stand for the proposition a debt collector must include the words "in writing" in its (a)(3) notice. But Judge Conaboy did not address whether the use of "*if*" in the remaining portion of the validation notice would confuse the least sophisticated debtor as to whether she could effectively dispute the debt orally.

While Judge Wolfson did address the argument regarding the use of "if," we disagree with her conclusion. Judge Wolfson found the least sophisticated debtor would understand a written dispute is required after reading the entire validation, but we cannot say for certain the least sophisticated debtor would necessarily reach this conclusion. The (a)(4) and (a)(5) notices concern obtaining additional information regarding the debt, a verification of the debt or the name and address of the original creditor. We believe the least sophisticated debtor, not seeking to obtain such additional information, may believe she could dispute the debt orally even after reading the entire validation notice. This is hardly a "bizarre" or "idiosyncratic" interpretation, especially considering several district court judges have interpreted identical validation notices in this way.

We share Judge Brody's view. Radius could alter their (a)(3) notice to inform the debtor of the "in writing" requirement under *Graziano* for disputing a debt: "Unless you notify this office ***in writing*** within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid."[72] We agree Judge Brody's suggested

12

language in *Durnell* earlier this month is clearer. We do not view our role as coaching skilled draftsmen as to debt collection language – and nothing in our suggestion should ensure a result in another case - but our reading of the Act and our Court of Appeals' guidance may be better explained by also telling the debtor: "You may dispute the debt orally but we will only answer you if your dispute is in writing."

Because Ms. Henry states a claim under Section 1692g, we deny Radius's motion to dismiss this claim.

### iii. We lack a basis to find Section 1692g unconstitutionally vague.

Radius alternatively argues, given the differing views of district judges, we should find Section 1692g(a) is unconstitutionally vague. Ms. Henry argues the statute satisfies the vagueness test as debt collectors like Radius have a "specialized knowledge" of the statute and its requirements.

The void for vagueness doctrine arose as an aspect of Fourteenth Amendment due process.[73] Our Court of Appeals explained we inquire whether the challenged statute is:

> sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties . . . consonant alike with ordinary notions of fair play and the settled rules of law. And a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.[74]

"The inquiry is completed on a case-by-case basis, and the party opposing the statute or standard must show that it is vague as applied to him."[75] "Lesser degrees of specificity are required to overcome a vagueness challenge in the civil context than in the criminal context, however, because the consequences in the criminal context are more severe."[76] The Supreme Court explained economic statutes, like the Act, are "subject to a less strict vagueness test because its subject matter

13

is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action."[77]

In *San Filippo*, the plaintiff challenged a Rutgers University regulation as void for unconstitutional vagueness. The regulation allowed for dismissal of tenured professors for "failure to maintain standards of sound scholarship and competent teaching."[78] Our Court of Appeals found "standards of sound scholarship and competent teaching" was not unconstitutionally vague.[79] The court found while the standard covered a wide range of conduct, it still constituted a standard.[80]

Section 1692g(a) is not unconstitutionally vague. Like *San Filippo*, we cannot find Section 1692g(a) fails to specify a standard. Radius's argument is unconvincing. It argues because federal appeals courts disagree as to whether Section 1692g(a) requires a dispute to be in writing, debt collectors likewise are unable to determine what to include in their Section 1692g(a)(3) notice. Mere disagreement amongst courts over the interpretation of a statute does not render the statute unconstitutionally vague.

We cannot find, and neither party cites, authority addressing whether Section 1692g(a) is unconstitutionally void for vagueness. Considering the hundreds of cases interpreting this Section since Congress passed the Act in 1977, we find it persuasive no court has questioned its constitutionality.[81]

The Supreme Court's reasoning in *Flipside* applies here. Debt collectors know under the well-established law in our circuit a dispute under Section 1692g(a), to be effective, must be in writing.[82] Debt collectors are sophisticated parties involved in a business requiring them to understand the law in the jurisdiction where they conduct such business.[83]

We deny Radius's motion for summary judgment on Ms. Henry's Section 1692g claim.

14

## B. Ms. Henry states a claim under Section 1692e of the Act.

Ms. Henry also alleges Radius violates Section 1692e of the Act. Congress prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[84] Under the Section 1692e, a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."[85] Like Section 1692g, we analyze communications from the perspective of the "least sophisticated debtor."[86] "[W]hen allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive."[87]

As explained, we find Ms. Henry states a claim under Section 1692g of the Act. She bases her Section 1692e claim on the same allegations the validation notice "is open to more than one reasonable interpretation, at least one of which is inaccurate."[88] Thus, we also find Ms. Henry states a claim under Section 1692e. We deny Radius's motion to dismiss her Section 1692e claims.

## III. Conclusion.

In today's accompanying Order, we deny Radius' motion to dismiss Ms. Henry's class action complaint. We also deny Radius' motion for summary judgment challenging the constitutionality of Section 1692g.

---

[1] When considering a motion to dismiss "[w]e accept as true all allegations in the plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and we construe them in a light most favorable to the non-movant." *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations

15

that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[2] Ms. Henry's Class Action Complaint (ECF Doc. No. 1), at Ex. A.

[3] *Id.* at ¶ 12.

[4] *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

[5] ECF Doc. No. 1 ¶ 35.

[6] *Id.* at ¶ 37.

[7] 15 U.S.C. § 1692g(a)(1)-(a)(5)(emphasis added).

[8] 15 U.S.C. § 1692g(b).

[9] *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991)).

[10] *Wilson*, 225 F.3d at 354.

[11] *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013).

[12] *Wilson*, 225 F.3d at 354.

[13] *Id.* (quoting *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991)).

[14] *Kassin v. AR Res., Inc.*, No. 16-4171, 2018 WL 6567703, at *4 (D.N.J. Dec. 13, 2018) (quoting *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011)).

[15] *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Wilson*, 225 F.3d at 354).

[16] *Knight v. Midland Credit Mgmt. Inc.*, No. 17-3786, 2018 WL 5876985, at *3 (3d Cir. Nov. 8, 2018) (quoting *Caprio*, 709 F.3d at 149).

[17] *Caprio*, 709 F.3d at 149.

[18] *Graziano v. Harrison*, 950 F.2d 107 (3d Cir. 1991).

[19] *Id.*

[20] *Id.* at 109.

[21] *Id.* at 112.

[22] 15 U.S.C. § 1692g(b).

[23] *Graziano*, 950 F.2d at 112.

[24] *Id.*

[25] *Id.*

[26] *Id.*; *see also Caprio*, 709 F.3d at 146 ("[A] dispute of a debt must be in writing in order to be effective in this Circuit.").

[27] 225 F.3d 350, 356 (3d Cir. 2000).

[28] *Wilson*, 225 F.3d at 352.

[29] *Velez v. Cont'l Serv. Grp., Inc.*, No. 17-02372, 2018 WL 1621625 (M.D. Pa. Apr. 4, 2018).

[30] *Id.*

[31] *Id.* at *6 (citing *Graziano*, 950 F.2d at 112).

[32] *Velez*, 2018 WL 1621625, at *6.

[33] *Id.*

[34] *Id.*

[35] No. 18-7692, 2018 WL 6567705, at *1 (D.N.J. Dec. 13, 2018).

[36] *Rodriguez*, 2018 WL 6567705, at *1.

[37] *Id.* at *3.

[38] *Id.*

[39] *Id.* at *5.

[40] *Id.*

[41] *Id.* ("As a matter of fairness, Defendant should not be subjected to statutory liability in this context when it reasonably relied on the very statute to craft the notice at issue.").

[42] No. 17-7472, 2017 WL 6550486 (D.N.J. Dec. 21, 2017).

⁴³ *Cadillo*, 2017 WL 6550486, at * 1.

⁴⁴ *Id.* at *2.

⁴⁵ *Id.* at *3.

⁴⁶ *Id.*

⁴⁷ *Guzman v. HOVG, LLC*, No. 18-3013, 2018 WL 5631096 (E.D. Pa. 2018 Oct. 31, 2018).

⁴⁸ *Id.* at *5.

⁴⁹ *Id.* at *1.

⁵⁰ *Id.*

⁵¹ *Id.* at *2.

⁵² *Id.* at *5.

⁵³ *Id.* ("*Graziano*, *Wilson*, and *Caprio* all analyze whether certain statements in a letter overshadow or contradict a validation notice—but they do not analyze the required content of the validation notice itself.").

⁵⁴ *Id.*

⁵⁵ *Id.* (quoting *Caprio*, 709 F.3d at 149).

⁵⁶ *Guzman*, 2018 WL 5631096, at *5 (explaining the courts of appeals for Second, Fourth, and Ninth Circuits have held Section 1692g does not require a dispute to be in writing).

⁵⁷ *Id.* Judge Beetlestone was also persuaded by the placement of the validation notice on the reverse side of the letter and the emphasis on calling, rather than writing to, the debt collector.

⁵⁸ No. 18-404 (D.N.J. Sept. 26, 2018). This case is unpublished. Ms. Henry submitted a copy as an exhibit. ECF Doc. No. 7-1.

⁵⁹ *Id.*

⁶⁰ *Id.*

⁶¹ *Id.*

⁶² *Id.* Judge Arleo separately found an invitation to call the debt collector in the initial notice letter does not violate Section 1692g.

63 *Durnell v. Stoneleigh Recovery Assocs., LLC*, No. CV 18-2335, 2019 WL 121197, at *4 (E.D. Pa. Jan. 7, 2019).

64 *Id.*

65 *Id.*

66 *Id.* at *4 n.4.

67 *Id.* ("In the Third Circuit, a validation notice that does not inform the debtor that the debt must be disputed in writing violates the FDCPA, whereas a validation notice that does inform the debtor that the debt must be disputed in writing may violate the FDCPA in a jurisdiction that interprets § 1692g(a)(3) to allow a debtor to dispute the debt orally or in writing.").

68 *Graziano*, 950 F.2d at 112.

69 *Wilson*, 225 F.3d at 354.

70 ECF Doc. No. 1, Ex. A.

71 *Wilson*, 225 F.3d at 354.

72 *Durnell*, 2019 WL 121197, at *4 n.4.

73 *San Filippo v. Bongiovanni*, 961 F.2d 1125, 1136 (3d Cir. 1992) (quoting *Connally v. Gen. Const. Co.*, 269 U.S. 385, 391 (1926)).

74 *San Filippo*, 961 F.2d at 1136 (quoting *Connally*, 269 U.S. at 391).

75 *Borden v. Sch. Dist. of Twp. of E. Brunswick*, 523 F.3d 153, 167 (3d Cir. 2008) (citing *San Filippo*, 961 F.2d at 1136).

76 *San Filippo*, 961 F.2d at 1135 (citing *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99 (1982)).

77 *Flipside*, 455 U.S. at 498.

78 *San Filippo*, 961 F.2d at 1127.

79 *Id.* at 1137.

80 *Id.* (finding statute was not unconstitutionally vague because it "does not fail to specify *any* standard for dismissal but rather provides a standard which encompasses a wide range of conduct").

81 According to Westlaw, over two thousand cases have cited Section 1692g(a) as of January 2019.

[82] *Graziano*, 950 F.2d at 112.

[83] *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 43 (5th Cir. 2008) (citing *Flipside*, 455 U.S. at 498) (finding the Act's definition of "debt collector" was not unconstitutionally vague since "[a] party that potentially could be subject to the FDCPA can plan carefully, based on the plain language of the statute as well as pertinent case law").

[84] 15 U.S.C. § 1692e(10).

[85] *Id.* § 1692e.

[86] *Rosenau*, 539 F.3d at 222 (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

[87] *Caprio*, 709 F.3d at 155 (holding because the district court committed reversible error as to Section 1692g claim, district court similarly committed reversible error as to Section 1692e claim).

[88] ECF Doc. No. 1 ¶ 46.a.